Court Logins, Part B.C., 15 minutes to the tide. Mr. Girton, A.D.A. Collin. Thank you. May it please the Court, Jeremy Girton for Appellant Edward Avery. I've reserved five minutes for rebuttal. Fine. This is a complex, habeas case with a lengthy procedural history, but there is one central question that this Court must answer. Did the Ohio Court of Appeals correctly apply the doctrine of res judicata such that Mr. Avery's federal habeas petition is procedurally defaulted? The answer is no, because the Ohio Court of Appeals decision rested on a factual misunderstanding about what happened at Mr. Avery's resentencing proceeding. The resentencing proceeding was not limited to the issue of post-release control. It was a full de novo resentencing proceeding on all issues. There thus was no valid prior judgment that could carry residue. It was held for the reasons that the post-release control, although mentioned at sentencing originally, was not contained in the judgment, correct? Yes, that is correct. However, the purpose of the resentencing was to formalize what had previously been said, right? That was the reason that the resentencing proceeding was necessary, but it wasn't limited to that issue. And that was the correct decision for the trial court to make at the time, because under Ohio governing law at the time, which was the Singleton decision, it was required to conduct a plenary resentencing proceeding on all issues. What actually happened at that proceeding? Well, it was a plenary resentencing. I'm asking you, really, is it a plenary resentencing in name only? It wasn't, Your Honor, and there's a few reasons we know that. If you look at Exhibit 47 in the record, that's page ID 572, the trial court said it was conducting a plenary resentencing under the Singleton standard. And then if you look at Exhibit 48, which is the judgment of resentence, the trial court said that it conducted a de novo resentencing proceeding, that it considered the entire record as it would on an original sentencing, that it allowed Mr. Avery to call witnesses in his defense, and that it changed the length of his robbery sentence by one year. And then the most important, for our purposes, is that it considered Mr. Avery's double jeopardy argument on the merits, and it came to a different rationale for why it was rejecting that argument. So it certainly wasn't a de novo resentencing proceeding in name only. Why did it change the robbery length? I don't believe it stated a reason for that, Your Honor, but it did reduce the length of the sentence by one year. Did we have the transcript or only that judgment? We have the judgment and the transcript, Your Honor, but I don't believe that the court stated a specific reason why it was shortening the length of the sentence. But the judgment entry itself lays out the prior sentence, and then it lays out the new sentence, and it's clearly different. So I don't know that we know the reason for that. But I think all of those changes wouldn't have been possible if the court had been bound by res judicata because it wouldn't have been able to change the length of any of the sentences. It wouldn't have been able to consider all the sentencing factors again. It would have been limited to the one issue. And since it wasn't, it completely erased the prior judgment. And, you know, it's black-letter law under res judicata that if there is no valid prior judgment that exists, then there's no res judicata effect that can be attached to it. Now, after Mr. Avery's resentencing proceeding is when the Ohio Supreme Court issued its decision in Fisher, which changed the rules about what should occur at these types of proceedings. And it said that trial courts should limit the scope of the resentencing proceeding just to the one post-release control issue. But it didn't change the scope of appeal from a resentencing proceeding. It said that any issue that is raised at the resentencing is fair game for an appeal. And I think that logically that has to be the correct answer because, obviously, if the trial court disregards its mandate and goes beyond the single issue, and it commits a new error of law at sentencing, then there has to be an avenue for the defendant to appeal that error. But what was the new error here? The new error here was the double jeopardy error, Your Honor. But wasn't that an error at the first trial? Well, it was an entirely new error, Your Honor. Was it entirely new because it was different or entirely new because we're talking about because of the plenary resentencing? I think both, Your Honor. The sentencing was plenary, so the court was considering the issue totally new. It's a new judge, unbound by what happened before, came up with a new rationale for why it thought that the kidnapping and rape charges could be sentenced consecutively rather than concurrently. So it committed a new double jeopardy error both because of the scope of the resentencing and because of the rationale that it gave. I'm sorry that I may be missing a fact here. At resentencing in the Ohio trial court, did the trial court talk about whether there was double jeopardy or not? Yes, it talked about whether the offenses merged under Ohio's allied offenses statute, yes. And that's perpetuated in a transcript? Yes, Your Honor. But that is a new double jeopardy error just as if on the first, you know, if we imagine for a second that Mr. Avery's first sentence, his sentences had been served concurrently, and then the court on resentencing made them consecutive, that would obviously be a new double jeopardy error if the court had changed from a concurrent to a series of consecutive sentences. So it's exactly the same error, it just happened two times. And the Supreme Court's precedents make clear that just because an error happens a second time doesn't mean it's an old error. It's a new error that occurs at sentencing, and the defendant is entitled to raise that error on appeal just as he would any other error that occurs at sentencing. So I think because of the way that the trial court described its sentencing proceeding as plenary and because of what actually occurred at that resentencing proceeding, we know that the prior judgment simply didn't exist anymore. There was no res judicata effect. The trial court wasn't bound by what it had done previously. So the court of appeals was incorrect when it said, and it was simply a factual misunderstanding about the scope of the resentencing proceeding, when it said that res judicata applied to all of the other issues. The argument's interesting, but it all becomes irrelevant, doesn't it, if in fact Avery's petition was barred by the statute of limitations? Well, Your Honor, the district court, the magistrate judge, and the trial court rejected the government's statute of limitations argument. Because of equitable tolling. Because of equitable tolling. So this court's review is limited to an abuse of discretion, and it's an unusual set of circumstances here where Mr. Avery actually filed a petition on time, raising these arguments, and he was correct that that was an initial petition, and the trial court and this court respectfully erred in concluding it was a second or successive and told him that he couldn't proceed. And this court has already acknowledged that that's an unusual circumstance where an uncounseled habeas petitioner correctly identifies their petition as an initial petition, and this court mistakenly treats it as second or successive, and then has now, in Mr. Avery's specific case, gone back and said, that was a mistake, you should have been able to bring your petition, and you're entitled to bring it in the district court now. So it certainly wasn't an abuse of discretion under that unusual factual scenario for the district court to say equitable tolling is a problem. Your time is running out. Tell us about the merits of the double jeopardy. Why was there a violation of the double jeopardy clause here? Well, Your Honor, the Supreme Court's decisions say you can't punish a single crime multiple times unless there's a legislative command that they can be sentenced consecutively, and here the law in Ohio has been clear since the 1970s that rape and kidnapping can merge at sentencing if they're committed by the same conduct, and specifically if the kidnapping is solely to facilitate the rape, which the prosecutor conceded at sentencing was the case here. They said that this was to facilitate the rape offense. So under those set of facts, it's clear that there cannot be two consecutive sentences. Was the so-called kidnapping to facilitate the rape or to facilitate his ability to escape or ability to facilitate his not being identified as the perpetrator? It happened after the conduct that's called kidnapping happened after the rape, right? Well, Your Honor, it could be thought of in two different ways. On the first appeal, the Ohio Court of Appeals said that either you could find there was a kidnapping because the victim was restrained during the rape and that is enough for a kidnapping offense, or it could have been that she was transported from one room to the other. I mean, aren't most victims restrained during rapes? Yes, Your Honor, and that's why— I mean, that's the whole point of how they occur. Right, Your Honor, and that's why the court acknowledged that in an ordinary case, they would merge at sentencing and you couldn't have consecutive sentences. And the Court of Appeals on the first appeal said that the jury could have concluded that that was the reason why it found that there was a kidnapping offense committed. So we have the Ohio Court of Appeals saying that the evidence would have supported a restraint theory of kidnapping, that the jury could have come to that conclusion and convicted on that ground, which means that they haven't proved beyond a reasonable doubt that there were two separate crimes committed. So it's clear under Ohio law that that should have been treated as a single offense and the government really doesn't contest that and doesn't really argue the merits of that case. I see that I'm into my rebuttal time, so I'll reserve. Thank you. May it please the Court, my name is Jerry Fosnaught and I represent the warden. We ask this court to affirm the judgment of the district court. The claims here are time-barred, procedurally defaulted, and meritless. Ground two, regarding the alternate juror, is the only issue certified, but that wasn't addressed in the previous argument and I plan to address it here. The court correctly denied a COA on ground one. I'll address that as well. And I'll address the time-bar issues since Judge Guy raised that as well. The transcript of resentencing, it starts at page ID 2426, it's document 45 in the record. In there, the court did change the sentence for robbery by reducing it one year, but that sentence was concurrent so it didn't affect the overall sentence anyway. Did it explain why it changed it down? The judge did not. And they discussed allied offenses on page 2438 of the transcript, saying that taking the victim into the bathroom with the blanket on her to wash off any evidence from the rape was the kidnapping that he was referring to and it was a separate crime and that's why it was not allied. And that's the same rationale that the trial court used in 1997 at that sentencing. And that's at page ID 2379. How do we decide whether something is a separate crime between the kidnapping and the rape? This court generally does not. It's generally not a cognizable crime. But do we look? It's generally not a cognizable issue on federal habeas and the trial court did address all of this issue. And the trial court, as I'll get to, was correct on the race judicata ruling. So there's no reason that we should disregard what the trial court did in any event. But I'm wondering how one would distinguish kidnapping in the course of a rape scenario from the rape itself and why this isn't just one offense here. Because the rape was over once they were in the bedroom. The rape was done in the bedroom. The act had been completed. He decided, I want you to go and wash off any evidence so I won't get convicted. And the trial court referred to that as along the lines of an obstruction, like leading up to an obstruction of justice charge. Why isn't it part of facilitating the rape to have the victim wash off the evidence of the rape? Because the rape had already occurred. Even if the evidence is gone, that doesn't take away the rape offense that occurred. I mean, the victim could still testify, and if they found fingerprints, even if they didn't find any DNA, you'd still have a rape conviction. He transported her into the bathroom for a new crime, kidnapping her, and to try to wash away any evidence, to try to escape justice or obstruct justice. So hypothetically, if a perpetrator had raped a victim and then the perpetrator told the victim to go into the basement and stay there until the perpetrator left, that would be a kidnapping that would be separate from the rape? If the victim was doing it essentially by force, I'm afraid for my life. Compelled to do it, compelled. It could be. I mean, usually, I think in this case they referred to it as transporting the victim, so he moved her, so it was more clear in the case of the kidnapping. But yes, in that other case, she'd have to say, I was in fear for my life, so I did what he told me to do.  to go to another room in the house would be a separate crime from the rape itself? I mean, I'm just trying to— I'm sure there is. I mean, I can brief that issue. That wasn't— Well, I was curious that you didn't brief this at all in your— It was not certified. Right, but there is a motion for us to certify. So did you address this in your response to the motion for certification? Yes, I did address— Well, I addressed that the trial court found that these were separate crimes, that enforcing the victim into the bathroom after rape justifies the court finding the offense of kidnapping is not an allied offense of similar import and the sentences do not merge with respect to the kidnapping and rape. And that's the same rationale that the trial court did in 1997. So if opposing counsel—I mean, if Avery wanted to bring this issue up, he should have done it in 1997, which is what the state court found as to why this is barred by res judicata. The only—so the state court rationale is the same one that was articulated at the resentencing? Is that what you just told us? Yes, this 1997 rationale is the same rationale that was articulated. So your position would be that this issue should have been raised a long time ago and that the resentencing does not provide a reason to expand the certificate of appealability at this point in time. Exactly, because as this court determined, he did not raise the issue on direct review and he did not raise a claim of ineffective assistance of appellate counsel for failing to raise that issue in his 26B. So he doesn't have cause for the procedural default as well. His argument is based on the fact that there was this resentencing and says that the appellate court misinterpreted what happened at the trial court level. No, the appellate court did do a de novo resentencing because that's what the law compelled at the time. However, the Ohio Supreme Court changed and overruled those decisions and said in State v. Fisher, you don't have the power to do that anymore. The only thing you can do at a resentencing for post-release control is address the issue of post-release control, and the appellate review from that can only address the issues related to post-release control. And they actually addressed an argument like the one Avery's raising and said this argument, though creative, fails. So whatever State law may have been at the time of the resentencing, State law now is something different. It changed the next month. Fisher was issued the month after resentencing and the appellate court on direct review said exactly that. However, a recent decision by the Ohio Supreme Court has clarified the extent of review that's applicable after a new sentencing hearing is held due to the trial court's failure to properly impose post-release control. They were bound by that. It's the same as any other trial court. So when you were just reading something, that was from the Ohio Court of Appeals reviewing the resentencing of this individual, Avery. Yes. It's Exhibit 56, Document 5-1, Page ID 682. They cite everything from Fisher. The new judgment entry cannot reopen all other aspects of the appeal. Res judicata does bar the claims. In Paragraph 15, they said, Avery's new judgment entry of sentencing, which corrected the portion of the sentence related to post-release control and specified the method of conviction, cannot be used as a vehicle to open all other aspects of his case. His appeal is limited to the subject of post-release control and res judicata is applicable. That's required by Fisher. So I'm curious, then, why did the Ohio Court of Appeals allow the reduction in the robbery sentence to remain? They just simply were addressing only the issue regarding the scope of their review. And they said, essentially, what they said was, nothing else the trial court did had any effect. Now, in this case, it has no net effect. His sentence does not change. He's serving 30 years. That's it. He's not serving 37 years. It's 30 years because the seven years was concurrent. So that's probably why. Well, it sounds like that since the trial court didn't articulate any rationale for lowering the sentence value, and since it didn't make any difference anyway, it may simply have been error on the part of the trial court. Or the appellate court simply saw no need to address it. Is that kind of a... Yeah, that's what we've been hearing. They seem to be saying, we're bound by Fisher. I mean, we don't know if that's a scenario, of course, but it seems probable that it is. Right. And then, as to the alternate juror instruction issue, it was not raised on direct review. He raised an effective assistance of appellate counsel in the 26B. However, Ohio Supreme Court President under Gross, State vs. Gross, holds that you still, even if you argue that an appellate juror sat during deliberations, and in this case, it appears, nobody knew the alternate juror was participating. I mean, not participating, present during the deliberations. The judge excused the alternate juror. Even Avery admits the judge excused the alternate juror. Then the jurors come in for a question, and the alternate juror is there, so they have a sidebar discussion, and it's addressed on the record, and everybody says he sat on the opposite side of the room, and he never participated. And in State vs. Gross, it says, first, if an alternate juror is allowed to participate over objection, we didn't have an objection because nobody knew it was happening. And then the State still has the opportunity to show that the error was harmless, and the trial court can correct the error. And in this case, the trial court did correct the error. Once the trial court was presented with notice that the alternate juror was still there, the trial court dismissed the juror again and told the jurors to all begin again as if they were starting from scratch. So there is no prejudice. There's no actual prejudice. He definitely can't show actual innocence because he confessed to the crimes. And then opposing counsel mentioned, regarding the allied offenses issue, that the State argued that the blanket was used as part of the kidnapping, and they did because the blanket was used during the rape with the kidnapping as an ordinary course of the rape by holding someone down. You've kidnapped them. But the blanket was also used to take the victim into the bathroom, and that was considered a kidnapping. But the trial court is not bound by the State's theory of the case in any event. The trial court reviews the record, hears the party's arguments, and decides what's the law regarding allied offenses. As to the statute of limitations issue and equitable tolling, here it would require this court to grant Avery five years of equitable tolling in order for his petition in 2018 to be deemed time-barred. That would totally undermine the standard for diligence and extraordinary circumstances. This is not an extraordinary circumstance to have this court change its mind. In 2013 and 2015, this court was holding that resentencings for post-release control were not new judgments and the petitions were successive. This court changed its mind in King v. Morgan and Stancil. Those are not extraordinary circumstances. Even then, Avery waited more than two years to file his habeas petition and one year to file the motion for leave to file a successive petition. He says he acknowledged he did not research the issue. He did not continue to research the issue. He waited until Ralph Blaine Smith received a favorable decision and then he consulted with two other inmates and then decided to proceed. That does not, by not continuing to research the issue and waiting until someone drops the decision in his lap and says, this one might help you, that's certainly not diligence. The case that he relies on primarily is Jones. Jones had a variety of impairments and it really was a combination of circumstances that resulted in his getting equitable tolling and the defendant here has none of those conditions. This would be, it seems like the existing case law is that ignorance of the law is no excuse. Exactly, and in this case, he spent numerous days in the library. The record is clear on that. If this case were to allow equitable tolling of five years, then it would allow equitable tolling of five years in any future circumstance where this court comes to a different conclusion or the United States Supreme Court comes to a different conclusion. For all of these reasons, if there are no further questions, we ask this court to affirm the judgment of the district court. Thank you. Just a couple of points, if I may, on rebuttal. Starting with Judge Guy, your question about equitable tolling, I think this case is a stronger case for equitable tolling than Jones. One is that the district court has already ruled that the government is incorrect and that he is entitled to equitable tolling, so this court would have to find that an abuse of discretion. And unlike in Jones, this court had already ruled that Mr. Avery's claims were second or successive, so it had already issued the decision on the grounds in his particular case and told him that you're out of luck. There's no grounds for appeal. There's no ability to appeal that kind of determination, and so it wasn't just a change in the law in the air that he discovered. It was an issue he had brought to this court and had lost on, and then this court recognized that that was a mistake, and in this particular case has already ruled in finding that his current petition was not second or successive, that that was a mistake and that he should have been entitled to bring the current petition that he has before us. On Judge Moore, your question about whether or not taking the victim to the bathroom was considered a kidnapping, I'd like to point to page 34 of our brief where we quote from the first court of appeals decision in Mr. Avery's case. The issue here is that the state charged kidnapping under multiple alternative theories. It said that the jury could conclude there was kidnapping if the victim was restrained or if the victim was transported, and it chose to charge the case that way. It removed the sexual specification instruction from the indictment and charged it under multiple theories, and that was their choice, but then the court of appeals says as a result of that decision, quote, some jurors may have found that a kidnapping occurred as a result of the forceful restraint imposed on the victim during the rape. So that means that they can't show beyond a reasonable doubt that all of the jurors agreed that there was a separate movement of the victim that resulted in the kidnapping conviction. That's the same conduct that would be the rape itself, so it's a double jeopardy problem because of how they charged the case and how they instructed the jury. Now, as to Judge Gibbons, your question about the Fisher decision, my friend on the other side is correct that Fisher changed the scope of resentencing proceedings after this type of error, but it did not change the scope of an appeal following a resentencing if the court did what it did here and does a plenary resentencing. The issue is that the trial court had already vacated Mr. Avery's original judgment. It had completely erased the original judgment, and Chief Judge Sutton's opinion in Stancil recognizes that when a judgment is completely erased and completely replaced by a new judgment, it's a whole new clean slate and that you're entitled to raise any new issues from that judgment in a habeas proceeding, and the same rule applies in res judicata context. You're entitled to raise any issue that comes from that judgment on direct appeal. So the original judgment was erased. It was never reinstated non-protonque. The Court of Appeals didn't reinstate it non-protonque. It simply acted as though the trial court had conducted a limited resentencing rather than a plenary resentencing and said, well, res judicata bars it because of Fisher. But Fisher very carefully didn't limit the scope of an appeal. If other issues come up during sentencing, the defendant has to be able to raise those issues because the trial court could have committed any number of new errors on resentencing if it's a plenary resentencing. So it's simply incorrect that the Fisher decision limited the scope of appeal and that res judicata would bar his claims on appeal. And then just to correct the record on the ground two of the habeas petition, my friend on the other side indicated that there was no objection to the alternate juror's presence, and that is not correct. There was a motion for a mistrial on the record, and the Court denied that motion. And the Ohio Court of Appeals' decision in down hour makes clear that it is just the alternate's presence during deliberations that creates the Rule 24 problem. It's not necessarily their participation because as the Supreme Court has recognized in Olano and the Ohio Supreme Court has recognized, an alternate can influence the jury deliberations in a number of subtle ways, including through nonverbal communication, through chilling effect on the other jurors. And in a line of decisions, the Ohio Supreme Court has been very clear that this type of error generally requires an entirely new trial because it's so difficult to know what the alternate's influence on the rest of the jury was. And so the government is held to a high burden of proving that the error was harmless and that the trial court corrects the error on the record and instructs the jury to begin anew. So both of those things have to happen. So for those reasons, we would ask the Court to vacate the decision below and remand for consideration of the merits. Thank you. Thank you. And I understand that you're appointed pursuant to the Criminal Justice Act, and we thank you for your representation of your client and for representing the interest of justice in this matter. Thank you both for your argument, and the case will be submitted, and the clerk may recess court.